SMITH (TAPPAN v.). See Case No. 13,748.
SMITH (TAYLOR v.). See Case No. 13,806.

## Case No. 13,115.

SMITH et al. v. TEUTONIA INS. CO.

[4 Chi. Leg. News, 130; 6 Am. Law Rev. 584.] [1]

District Court, W. D. Ohio. Jan., 1872.

BANKRUPTCY—GENERAL ASSIGNMENT—PAYMENTS.

An insurance company after its insolvency was known by making a general assignment of all its property for the benefit of all its creditors and paying its running expenses for the month previous including rent, was not guilty of an act of bankruptcy within the meaning of the bankrupt law [of 1867 (14 Stat. 517)].

[This was an action by A. W. Smith and others against the Teutonia Insurance Company of Cleveland. Heard on a petition for an adjudication of bankruptcy.]

SHERMAN, District Judge. This is a petition, seeking for causes alleged, to have an adjudication of bankruptcy rendered against this insurance company. There is no question as to the insurance company being subject to the provisions of the bankrupt law, nor is there any dispute as to the facts. It appears from the petitions, answer and evidence, that this insurance company has been in existence for a number of years, and in good credit and condition until the great fire at Chicago on Oct. 9th. That the company sustained a loss in that city of over one million dollars, while their capital and assets are but little over two hundred thousand dollars. That about the 1st of November, 1871, and after they had fully ascertained and knew the extent of their losses, and after paying their running expenses for the month of October previous including their rent, and the salaries of their officers, agents and solicitors, they made a deed of assignment under the laws of Ohio, of all their assets, to three of their stockholders, in trust, and for the equal benefit of their creditors.

This state of facts, unexplained and uncontrolled by other considerations, would in my

[1] [6 Am. Law Rev. 584, contains only a partial report.]

opinion render them subject to an adjudication of bankruptcy and cause their assets to be administered under the provisions of the bankrupt law. But it is urged that the decision of Judge Swayne in the cases of Langley v. Perry [Case No. 8,067], and Farrin v. Crawford [Id. 4,686], renders such assignments valid. Those decisions establish the doctrine that for an insolvent debtor to make a general assignment of all his property for the benefit of all his creditors an act of bankruptcy, it must be made on his part with the intent thereby to defraud and hinder his creditors, or with intent to defeat or delay the operation of the bankrupt law. It becomes a question of fact. The innocence or guilt of the act depends upon the mind of him who did it, and it is not a fraud within the meaning of the bankrupt law, unless it was meant to be so. This being the recognized law in this circuit, I am obliged to say, that the making the assignment by this insurance company was not necessarily an act of bankruptcy. It appears plainly and decidedly from the evidence, that the officers and stockholders of this company when they ordered this assignment to be made were actuated with the most honest intentions, and with the laudable purpose of giving their creditors their entire assets. They meant no fraud, either legal or moral fraud.

But it is claimed by the petitioners that the payment of the rent of the premises occupied by them to Mr. Crittenden, and the permitting the secretary of the company and other agents of the company to pay their salaries out of money in their hands, were evidence of payment by way of preference to creditors, and therefore a fraud upon the bankrupt law. If the proof satisfied me that those payments were made with an intent to make a preference in favor of these persons, and against the interests of and to the injury of the rights of the creditors, then I must decide that they constituted an act of bankruptcy. But the proof is not satisfactory. I find that by the payment of the rent, the forfeiture of the lease and the consequent loss of their office furniture and other property were avoided, and by subsequent acts of the company and its assignees certain valuable privileges and a considerable sum of money over and above the amount paid for rent, were saved and added to the assets. A failing or insolvent debtor has undoubtedly the right to pay out money or make changes in his property, before an actual adjudication of bankruptcy, if he does it in good faith without injury to the rights of his creditors, and especially as in this case when he saves property and increases the assets.

Although there was no formal charge made in the petition, as to any other payment, except the payment of the rent, yet proof was admitted and considerable stress was laid upon the payment of the secretary's salary and that of other officers and agents. It is true that the salaries of the secretary and those of agents were paid at the close of the month of October, and after the insolvency of the company was

known, but they were paid in good faith, with no intent to prefer them, and in fact in every instance the sums paid were retained out of moneys in the hands of those agents, and on which they had a lien for their monthly salaries. The money received by Hessenmueller, the secretary, was for his own monthly salary, and that of the clerks in the office was paid by his own check as secretary and treasurer of the company, on the bank where the company account was kept, and he was the only person who could sign checks, and this was done by him with no proof that the officers approved or sanctioned the act.

Finding the law of the case thus settled and applying the facts proven to the law, I am satisfied that no act of bankruptcy, within the meaning of the bankrupt law, has been committed by the insurance company, and I must dismiss the petition with costs.